

**M. JANE BRADY**
**ATTORNEY GENERAL**

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

| **NEW CASTLE COUNTY** | **KENT COUNTY** | **SUSSEX COUNTY** |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19901 | Georgetown, DE  19947 |
| Wilmington, DE  19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

**PLEASE REPLY TO:**

New Castle County
302-577-8308

April 20, 2005

The Honorable Gregory M. Sleet
United States District Court                                              BY HAND
844 N. King Street
Wilmington, DE 19801

                Re:            **Marvel v. Prison Industries, et al.**
                                **C.A. No. 99-113-GMS**

Dear Judge Sleet:

      This is to advise the Court that the Defendants are going to file a notice of appeal today to the Third Circuit Court of Appeals of the Court's March 23, 2005 order.  The filing of a notice of appeal divests the trial court of jurisdiction and confers jurisdiction upon the appellate court.  *In re AWC Liquidation Corp. ,* 292 B.R. 239, 242 (D.Del. 2003).  A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  *Death Row Prisoners of Pennsylvania v. Ridge*, 948 F.Supp. 1282, 1285 (E.D.Pa. 1996), citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  There are certain exceptions to the transfer of jurisdiction— applications for attorney's fees, orders regarding the filing of bonds, or orders to modify, restore or grant injunctions.  However, supplemental state law claims are not included in the list of these exceptions.  *See, e.g., Venen v. Sweet*, 758 F.2d 117, 120-21 n. 2 (3d Cir. 1985).  We believe that this transfer of jurisdiction extends to the Plaintiff's state law claim (Count IV), as the appropriateness of the exercise of supplemental jurisdiction is very much affected by the existence or non-existence of the federal claim.  Even if the state law claim were technically not considered to be "involved" in the appeal, the outcome of the appeal would have an important impact upon the critical factors involved in the decision to exercise supplemental jurisdiction.  If the federal claim should be dismissed on a qualified immunity basis, then the weight of authority would counsel against the Court's retention of the state law claim.  *See Borough of West Mifflin v.*

*Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

      Secondly, the defendants believe the state law claim should not go to trial because no such cause of action exists, and even if it did exist it would be barred by sovereign immunity. (We did not argue this point in the October-November 2004 briefing because at that time our understanding was that the Court would find no deliberate indifference and wanted to know whether such a holding would dispose of the state law claim.) The Third Amended Complaint asserts that a cause of action for gross or wanton negligence exists pursuant to 10 Del.C. §4001, *et seq.* (the State Tort Claims Act). However, both the Delaware Supreme Court and this Court have held that 10 Del.C. §4001 does not create any cause of action. *Doe v. Cates,* 499 A.2d 1175, 1179-81 (Del. 1985) ("We hold that the legislature did not intend by enacting 10 Del.C. §4001 to waive sovereignty immunity in all cases where a ministerial act was performed with gross or wanton negligence or in bad faith . . . . [T]his Court holds that §4001 must be applied to limit the State's liability where it has, by some means independent of 10 Del.C. §4001, waived immunity."); *Pauley v. Hludzinski*, 848 A.2d 569, 573-77 (Del. 2004) ("Even if a jury were to determine on remand that Reinoehl's grossly negligence [sic] act caused the injuries to the Pauley plaintiffs, the State would still not be open to unlimited exposure for their loss."); *Space Age Products v. Gilliam*, 488 F.Supp. 775 (D.Del. 1980) ("[T]he language of the statute and its legislative history suggest that it deals with official immunity and indemnity in those situations where sovereign immunity, for some independent reason, does not apply.").

      Thank you.

                                          Respectfully submitted,

                                          /s/ Richard W. Hubbard
                                          Richard W. Hubbard (ID# 2442)
                                          Deputy Attorney General
                                          Department of Justice
                                          820 N. French Street, 6th Floor
                                          Wilmington, DE 19801
                                          302-577-8308
                                          Richard.Hubbard@state.de.us

xc:    Clerk of Court (via electronic delivery)
        David A. Felice, Esquire (via electronic delivery)
        Edward C. Gill, Esquire (via electronic delivery)
        Ophelia M. Waters, Esquire (via electronic delivery)