NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2261
_____

LARRY D. MARVEL

v.

PRISON INDUSTRIES; STANLEY TAYLOR;
JOYCE TALLEY; DAVE KAHLILI;
ED MOORE; ROBERT SNYDER;
PRISON HEALTH SERVICES, INC.;
JOHN DOE EMPLOYEE; JANE DOE EMPLOYEE;
ED BOWERS

STANLEY TAYLOR, DAVE KAHLILI;
ED BOWERS; ED MOORE, Appellants

_____

On Appeal from the United States District Court
for the District of Delaware

(D.C. No. 99-cv-00113)
District Judge: The Honorable Gregory M. Sleet
_____

ARGUED APRIL 26, 2006

BEFORE: SCIRICA, Chief Judge, and NYGAARD, Circuit Judge.,
and YOHN,[*] District Judge.

(Filed May 5, 2006)
_____

---

[*]Honorable William H. Yohn, Jr., Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Richard W. Hubbard, Esq. (Argued)
Department of Justice
820 North French Street
Carvel Office Building
Wilmington, DE 19801
    Counsel for Appellant

David A. Felice, Esq. (Argued)
Cozen & O'Connor
1201 Market Street, Suite 1400
Wilmington, DE 19801
    Counsel for Appellee

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

    The Appellants (various individual state actors associated with the Delaware Department of Corrections), appeal the denial of their motions for summary judgment based on qualified immunity. Appellee, a prisoner, filed an action pursuant to 42 U.S.C. Section 1983 asserting that his constitutional rights under the Eighth Amendment were violated when he was subjected to hazardous working conditions as a laborer in the Delaware Department of Correction's auto-body shop. The Appellants claim they are entitled to qualified immunity. The District Court (Sleet, J.), disagreed and denied their motions for summary judgment. The State has filed an interlocutory appeal. Because we lack jurisdiction, we will dismiss.

As an initial matter, we have an independent obligation to consider whether we have jurisdiction over this appeal. We recently summarized the relevant applicable law in *Walker v. Horn*, 286 F.3d 705, 709 (3rd Cir. 2002). Furthermore, as we discussed in *In re Montgomery County*, 215 F.3d 367 (3d Cir.2000), *cert. denied*, 531 U.S. 1126, 121 S.Ct. 881, 148 L.Ed.2d 790 (2001), the Supreme Court has given us clear guidance on the limits of our jurisdiction in these sorts of appeals. For instance, in *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151 (1995), the Court held that when, in the context of qualified immunity, a District Court rests its denial of summary judgment on the existence of a genuine issue of fact, we have no jurisdiction. *Id.* at 307, 115 S.Ct. 2151.

In its order denying qualified immunity for the State Defendants on the Eighth Amendment claim, the District Court held:

> Based on the Court's review of the above cases, the State Defendants are incorrect in arguing that compelled (as opposed to voluntary) employment is a prerequisite to recovery under the Eighth Amendment. Thus, since they implicitly concede the remainder of Marvel's Eighth Amendment claim, ***and since the Court finds that there are disputed issues of material fact, even as to the involvement (or lack thereof) of defendant Taylor, summary judgment will be denied as to Count I.***

District Court Opinion at 5-6 (emphasis added).

In summary, an order denying a motion for summary judgment made by a public official who claims to be entitled to qualified immunity is appealable where there are no disputes of fact material to the public official's qualified immunity claim. The

District Court's order, at paragraph 10, clearly bases its decision on disputes of fact and specifically indicates as such. Hence, an order dismissing this appeal will follow.